## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BAOHONG TAI, | : | **(Removed from the Superior Court J.D. of New Haven at New Haven, Docket No. NNH-CV-24-6144133-S)** |
| Plaintiff, | : | |
| v. | : | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | : | **C.A. No. _____** |
| Defendant. | : | |

---

### NOTICE OF REMOVAL

---

Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its counsel, Dinsmore & Shohl LLP, hereby gives notice of the removal of the case styled Tai, Baohong v. State Farm Mutual Automobile Insurance Company, Docket No. NNH-CV-24-6144133-S, currently pending in the Superior Court J.D. of New Haven at New Haven (the "State Court Action") to this Court, pursuant to the provisions of 28. U.S.C. §§ 1332, 1367, 1441, and 1446. As grounds for removal, State Farm states as follows:

### I.    PROCEDURAL BACKGROUND

1. Plaintiff, Baohong Tai ("Plaintiff") initiated the State Court Action on or about June 5, 2024. A copy of the original Complaint filed in the State Court Action is attached hereto as **Exhibit A.**

2. On December 17, 2025, two months before trial, Plaintiff moved to amend her Complaint to remove the individual involved in the accident, Gary Alexander, as a co-defendant, and

assert an additional claim against State Farm for breach of the implied covenant of good faith and fair dealing.  *See* State Action Entry No. 136.00, attached hereto as **Exhibit B.**

3.  On January 21, 2026, the Court in the State Court Action granted Plaintiff's motion to amend her Complaint and provided notice to the parties via Court Order.  *See* State Action Entry No. 136.10, attached hereto as **Exhibit C.**

4.  The Notice of Removal is being filed within thirty (30) days after this case became removable, as it became removable at the time of the Court's Order allowing Plaintiff's First Amended Complaint to be docketed, and is therefore timely filed pursuant to 28 U.S.C. § 1446(b)(3).

5.  This is not an action described in 28 U.S.C. § 1445.

6.  Venue for removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place in which the State Court Action was pending.

## II.    DIVERSITY JURISDICTION

### A.  Diversity of Citizenship of the Parties

7.  This is a civil action that falls within this Court's original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

8.  On information and belief, Plaintiff is a Connecticut resident.

9.  State Farm is not a citizen of Connecticut.  Under 28 U.S.C. § 1332(c), corporations are deemed citizens of the states in which they are incorporated and have their principal place of business.  State Farm is a mutual insurance company incorporated in and with a principal

place of business in Bloomington, Illinois.  State Farm is therefore a citizen of Illinois for purposes of diversity jurisdiction.

10. Because Plaintiff is not a citizen of the same state as any Defendant, the parties are completely diverse.  <u>See</u> 28 U.S.C. § 1332(a); <u>Wis. Dep't of Corrections v. Schacht</u>, 524 U.S. 381, 388 (1998).

B.  <u>Amount in Controversy</u>

11. The First Amended Complaint alleges that Plaintiff suffered personal injuries as a result of an underlying motor vehicle accident.  *See generally*, **Exhibit B**, at First Amended Complaint.  Plaintiff claims that as a passenger in a vehicle operated by State Farm's insured she is entitled to recover under the vehicle's uninsured/underinsured motorist coverage of $100,000.00.  <u>Id.</u>, at First Amended Complaint, ¶¶ 1, 13.  She alleges State Farm breached its contractual obligations by failing to pay for the losses she has allegedly sustained. <u>Id.</u> at First Amended Complaint, ¶¶ 12-14.  Plaintiff alleges further that State Farm has acted in bad faith and violated the implied covenant of good faith and fair dealing. <u>Id.</u>, at First Amended Complaint, ¶¶ 15-21.  Plaintiff seeks monetary damages, pre- and post-judgment interest, punitive damages, attorneys' fees and costs, and relief in equity on all counts.  Plaintiff explicitly states she is seeking "extra contractual damages, above the policy limits" of $100,000.00.  <u>Id.</u>, at ¶ 21.  Thus, the amount in controversy with regards to financial loss stemming from damages to real and personal property exceeds the $75,000.00 threshold established by 28 U.S. Code § 1332(b), exclusive of costs and interests.

12. Accordingly, while State Farm expressly denies liability to Plaintiff for any of the damages sought in his First Amended Complaint, based on the foregoing, the amount in controversy

exceeds $75,000.00, exclusive of interest and costs.  Thus, removal of this action to this Court based on diversity jurisdiction is both timely and proper under 28 U.S.C. §§ 1332(a), 1441(a), and 1446(b)(3).

## III.    VENUE AND PROCEDURAL REQUIREMENTS

13. The United States District Court for the District of Connecticut is the District Court for the district encompassing Milford County, Connecticut, where the State Court Action is pending in the Superior Court J.D. of Ansonia-Milford at Milford.  See 28 U.S.C. § 115(a)(1).  Accordingly, venues is proper in this district under 28 U.S.C. § 1446(a).

14. Seeking leave to Amend a Complaint 18 months after initiating this action and two months prior to trial to assert a bad faith claim against Defendants is sufficient to constitute bad faith on the Plaintiff's behalf as her actions aim to prevent Defendant from removing this action to federal court to address the allegations contained in her First Amended Complaint. Thus, removal is proper under § 1446(b)(3) as § 1446(c)(1) has been satisfied.

15. In accordance with 28 U.S.C. § 1446(d), State Farm will promptly serve a copy of this Notice of Removal on Plaintiff and will file a copy of the Notice of Removal with the Clerk of the Court for the Superior Court J.D. of Ansonia-Milford at Milford.

16. State Farm expressly reserves the right to state additional grounds for removal and to provide such additional evidence as may be required to support the grounds asserted in this Notice of Removal.

17. By this Notice of Removal and associated exhibits, State Farm does not waive any defenses or objections it may have to this action.  State Farm reserves the right to raise all defenses and objections to Plaintiff's claims after the State Court Action is removed to this Court.

IV.    **CONCLUSION**

WHEREFORE, this action is properly removed from the Superior Court J.D. of New Haven at New Haven to the United States District Court for the District of Connecticut, pursuant to applicable sections of the United States Code.  Please take notice that no further proceedings may be had in the Superior Court J.D. of New Haven at New Haven.


*****               *****               *****


Respectfully Submitted,

STATE FARM FIRE AND CASUALTY
COMPANY,
By Its Attorneys,


*/s/ Eric V. Skelly*
Eric V. Skelly, Esq. (Juris No. 441321)
Dinsmore & Shohl LLP
101 Arch Street, Suite 1800
Boston, MA 02110
Phone: (857) 305-6400
Facsimile: (857) 305-6401
Eric.skelly@dinsmore.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 29th 2026, a true and accurate copy of the foregoing was forwarded via electronic mail and/or mailed by first class mail, postage pre-paid to the following:

Kevin P. Walsh, Esq. (Juris No. 350499)
Williams Walsh & O'Connor, LLC
37 Broadway
North Haven, CT 06473
203.234.6333
Kwalsh@wwolaw.com

*Counsel for Plaintiff*

/s/ *Eric v. Skelly*
Eric v. Skelly, Esq.

# EXHIBIT A

RETURN DATE: 06/18/24        :        SUPERIOR COURT

BAOHONG TAI        :        J.D. OF NEW HAVEN

V.        :        AT NEW HAVEN

STATE FARM MUTUAL INSURANCE
COMPANY, JOHNATAN LONDONO,
BRENDA MERCADO, and GARY
ALEXANDER        :        MAY 15, 2024

**COMPLAINT**

**COUNT ONE:**

    1.      On June 4, 2022 the plaintiff, Baohong Tai, was a passenger in a 2012 Ford Escape owned by Ching Lin, which vehicle carried uninsured/uninsured motorist coverage for the benefit of the plaintiff, Baohong Tai.

    2.      On said date, at approximately 9:25 p.m., Ching Lin was operating his vehicle such that he was on First Avenue at or near the intersection of Elm Street in the Town of West Haven when, suddenly without warning, when his vehicle was hit forcefully from the rear.

    3.      On said date, at or about said time, the defendant, Gary Alexander, was operating a 2014 Dodge Caravan at a place or position to the rear of the vehicle operative by Ching Lin inasmuch as Gary Alexander did allow his car to move forward, impacting the rear of the vehicle in which the plaintiff was a passenger.

    4.      On said date, at or about said time, the defendants, Johnatan Londono and Brenda Mercado, were the owners of 2004 blue Toyota HighLinder which was being operated by Johnatan Londono in the same direction but behind the vehicle operated by

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304



TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

Gary Alexander and Johnatan Londono did operate his vehicle at such a rate of speed and in such a negligent fashion such that he drove his vehicle into the rear of the vehicle operated by Gary Alexander in a violent and forceful manner which operation was caused, in whole or in part, described below, as a direct result of the intoxication of Johnatan Londono.

5.      After the accident the investigating police officer was capable of determining an odor of alcohol coming from the breath of Johnatan Londono and the police officer also observed an empty nip bottle of fireball alcohol on the driver's side floor.

6.      The damages and losses herein described were caused as the direct result of the conduct of the defendants, Brenda Mercado and Johnatan Londono, the owners of the 2004 Toyota Highlander, by and through the conduct of Johnatan Londono, then also acting as an agent, servant and/or family resident relative of Brenda Mercado and said defendants were negligent in one or more of the following respects:

a.      He that he failed to keep and maintain his vehicle under reasonable and proper control;

b.      He that he failed to make reasonable and proper use of his sense and sense faculties;

c.      He operated his vehicle in an unreasonable rate at his speed having regard to the width, traffic and use of the highway, the intersection of streets and the weather conditions in violation of Connecticut General Statutes Section 14-218a when he knew or

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304



WILLIA
WALSH
O'CON

TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

should have known it was unsafe and unreasonable;

     d.     He braked his motor vehicle insufficiently and/or operated his car with unsafe equipment;

     e.     He failed to make reasonable and proper use of his brakes and/or braking facilities;

     f.     He failed to steer his vehicle in order to avoid a collision;

     g.     In that he was a distracted driver and violated Connecticut General Statutes Section 14-296aa under the circumstances where he knew or should have known it was unsafe and unreasonable to do so;

     h.     In that he failed to keep and maintain his vehicle under reasonable and proper control under all of the circumstances then and there prevailing;

     i.     He failed to sound his horn or give any warning of his impending approach;

     j.     In that he failed to act as a reasonable and prudent operator under all of the circumstances then and there prevailing;

     k.     He followed too closely under the circumstances;

     l.     He followed too closely, in violation of Connecticut General Statutes;

     m.     The defendant, Johnatan Londono, was at the time of the accident, was intoxicated and/or impaired such that his ability to perceive and react was affected;

     n.     The defendant, Johnatan Londono, was at the time of the accident, was intoxicated and/or impaired such that his ability to perceive and react was affected and otherwise constituted a violation of Connecticut General Statutes Section 14-222.

3

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304



WILLIA
WALSH
O'CON

TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

7.    As a direct and proximate result of the negligence of the defendants, by and through the action of the driver, Johnatan Londono, the plaintiff was transported by ambulance to receive medical care and attention having sustained an injury to her cervical spine, injury to her head, concussion, ringing in her ears, headache, tingling of the fingers on her hand, radiculopathy indicating an injury to the discs and anatomy of her neck, radiating into her upper extremity, herniated disc in the cervical spine, strains, sprains, difficulty with concentration and forgetfulness, a posterior disc extrusion at C3-4 with an anterior indentation of the spinal cord as well as a posterior disc protrusion at C5-6 as well as injury, damage and trauma in a cervical spine already having a degenerative condition, suffering, limitations, difficulty sleeping, anxiousness, all of which are likely to be permanent in nature.

8.    As a direct and proximate result of the conduct of the defendants, the plaintiff was caused to sustain the need for medical care, treatment, physical therapy, diagnostic studies, imaging studies, tests, medicines, which medical care is likely to continue into the future.

9.    As a direct and proximate result of the conduct of the defendants, the plaintiff sustained suffering from the injuries sustained in the accident and her activities of daily living have been affected as compared to that prior to the accident, which is likely permanent in nature;

10.    As a direct and proximate result of the conduct of the defendants, the

4

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304

WILLIA
WALSH
O'CON

TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

plaintiff has sustained permanent injury, loss of certain enjoyments and pursuits, which

losses, harm and damage are likely to continue into the future and/or be permanent.

11.    As a direct and proximate result of the conduct of the defendants, the

plaintiff has been affected in her capacity to earn money.

**COUNT TWO: (AS AGAINST STATE FARM UM/UIM)**

1.    On June 4, 2022 the plaintiff, Baohong Tai, was a passenger in a 2012 Ford

Escape owned by Ching Lin, which vehicle carried uninsured/uninsured motorist

coverage for the benefit of the plaintiff, Baohong Tai.

2.    On said date, at approximately 9:25 p.m., Ching Lin was operating his

vehicle such that he was on First Avenue at or near the intersection of Elm Street in the

Town of West Haven when, suddenly without warning, when his vehicle was hit

forcefully from the rear.

3.    On said date, at or about said time, the defendant, Gary Alexander, was

operating a 2014 Dodge Caravan at a place or position to the rear of the vehicle operative

by Ching Lin inasmuch as Gary Alexander did allow his car to move forward, impacting

the rear of the vehicle in which the plaintiff was a passenger.

4.    On said date, at or about said time, the defendants, Johnatan Londono and

Brenda Mercado, were the owners of 2004 blue Toyota HighLinder which was being

operated by Johnatan Londono in the same direction but behind the vehicle operated by

Gary Alexander and, Johnatan Londono, did operate his vehicle at such a rate of speed

and in such a fashion such that he drove his vehicle into the rear of the vehicle operated

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304

WILLIA
WALSH
O'CON

TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

by Gary Alexander in a violent and forceful manner which operation was caused, in whole or in part, described below, as a direct result of the intoxication of Johnatan Londono.

5.     After the accident the investigating police officer was capable of determining an odor of alcohol coming from the breath of Johnatan Londono and the police officer also observed an empty nip bottle of fireball alcohol on the driver's side floor.

6.     The damages and losses herein described were caused as the direct result of the conduct of the defendants, Brenda Mercado and Johnatan Londono, the owners of the 2004 Toyota Highlander, by and through the conduct of Johnatan Londono, then also acting as an agent, servant and/or family resident relative of Brenda Mercado and said defendants were negligent in one or more of the following respects:

a.     He that he failed to keep and maintain his vehicle under reasonable and proper control;

b.     He that he failed to make reasonable and proper use of his sense and sense faculties;

c.     He operated his vehicle in an unreasonable rate at his speed having regard to the width, traffic and use of the highway, the intersection of streets and the weather conditions in violation of Connecticut General Statutes Section 14-218a when he knew or should have known it was unsafe and unreasonable;

d.     He braked his motor vehicle insufficiently and/or operated his car with

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304



WILLIA
WALSH
O'CON

TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

unsafe equipment;

e.  He failed to make reasonable and proper use of his brakes and/or braking facilities;

f.  He failed to steer his vehicle in order to avoid a collision;

g.  In that he was a distracted driver and violated Connecticut General Statutes Section 14-296aa and under the circumstances where he knew or should have known it was unsafe and unreasonable to do so;

h.  In that he failed to keep and maintain his vehicle under reasonable and proper control under all of the circumstances then and there prevailing;

i.  He failed to sound his horn or give any warning of his impending approach;

j.  In that he failed to act as a reasonable and prudent operator under all of the circumstances then and there prevailing;

k.  He followed too closely under the circumstances;

l.  He followed too closely, in violation of Connecticut General Statutes.

7.  As a direct and proximate result of the negligence of the defendants, by and through the action of the driver, Johnatan Londono, the plaintiff was transported by ambulance to receive medical care and attention having sustained an injury to her cervical spine, injury to her head, concussion, ringing in her ears, headache, tingling of the fingers on her hand, radiculopathy indicating an injury to her neck radiating into her upper extremity, herniated disc in the cervical spine, strains, sprains, difficulty with concentration and forgetfulness, a posterior disc extrusion at C3-4 with an anterior

7

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304

WILLIA
WALSI
O'CON

TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

indentation of the spinal cord as well as a posterior disc protrusion at C5-6 as well as injury, damage and trauma in a cervical spine already having degenerative pain, suffering, limitations, difficulty sleeping, anxiousness, all of which are likely to be permanent in nature.

8.    As a direct and proximate result of the conduct of the defendants, the plaintiff was caused to sustain the need for medical care, treatment, physical therapy, diagnostic studies, imaging studies, tests, medicines, which medical care is likely to continue into the future.

9.    As a direct and proximate result of the conduct of the defendant, the plaintiff sustained suffering from the injuries sustained in the accident and her activities of daily living have been affected as compared to that prior to the accident, and is likely permanent in nature.

10.    As a direct and proximate result of the conduct of the defendants, the plaintiff has sustained permanent injury, loss of certain enjoyments and pursuits, which losses, harm and damage are likely to continue into the future and/or be permanent.

11.    As a direct and proximate result of the conduct of the defendants, the plaintiff has been affected in her capacity to earn money.

12.    The defendants, Johnatan Londono and Brenda Mercado, were, at the time of the accident, operating a vehicle that was either uninsured and/or alternatively, underinsured for the injuries or losses that were caused by the intoxication of the drunk driver to the plaintiff.

8

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304

WILLIA
WALSH
O'CON

TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

13.    As of the date of the accident however the plaintiff was entitled to insurance benefits as a passenger in the vehicle owned by Ching Lin with the State Farm Insurance Company, under policy number 081-5656-C16-07C.

14.    State Farm Insurance Company was paid insurance premiums to provide Ching Lin, and his passenger, with benefits of insurance known as "uninsured/underinsured motorist coverage" of $100,000.00.

15.    Having received premiums and payments for these insurance benefits, State Farm Insurance Company is obligated to pay these benefits to the plaintiff,  Baohong Tai, as a consequence of the uninsured/underinsured status of the at fault operator/defendants, Johnatan Londono and Brenda Mercado.

## COUNT THREE: (AS AGAINST GARY ALEXANDER)

1.    On June 4, 2022 the plaintiff, Baohong Tai, was a passenger in a 2012 Ford Escape owned by Ching Lin, which vehicle carried uninsured/uninsured motorist coverage for the benefit of the plaintiff, Baohong Tai.

2.    On said date, at approximately 9:25 p.m., Ching Lin was operating his vehicle such that he was on First Avenue at or near the intersection of Elm Street in the Town of West Haven when, suddenly without warning, when his vehicle was hit forcefully from the rear.

3.    On said date, at or about said time, the defendant, Gary Alexander, was operating a 2014 Dodge Caravan at a place or position to the rear of the vehicle operative by Ching Lin inasmuch as Gary Alexander did allow his car to move forward, impacting

9

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304


WILLIA
WALSH
O'CON

TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

the rear of the vehicle in which the plaintiff was a passenger.

4.    On said date, at or about said time, the defendants, Johnatan Londono and Brenda Mercado, were the owners of 2004 blue Toyota Highlander which was being operated by Johnatan Londono in the same direction but behind the vehicle operated by Gary Alexander and, Johnatan Londono, did operate his vehicle at such a rate of speed and in such a negligent fashion such that he drove his vehicle into the rear of the vehicle operated by Gary Alexander in a violent and forceful manner which operation was caused, in whole or in part, described below, as a direct result of the intoxication of Johnatan Londono.

5.    After the accident the investigating police officer was capable of determining an odor of alcohol coming from the breath of Johnatan Londono and the police officer also observed an empty nip bottle of fireball alcohol on the driver's side floor.

6.    The damages and losses herein described were caused as the direct result of the conduct of the defendant Gary Alexander and said defendant was negligent in one or more of the following respects:

a.    He that he failed to keep and maintain his vehicle under reasonable and proper control;

b.    He that he failed to make reasonable and proper use of his sense and sense faculties;

c.    He operated his vehicle in an unreasonable rate at his speed having regard

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304

WILLIA
WALSH
O'CON

TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

to the width, traffic and use of the highway, the intersection of streets and the weather conditions in violation of Connecticut General Statutes Section 14-218a when he knew or should have known it was unsafe and unreasonable;

    d.    He braked his motor vehicle insufficiently and/or operated his car with unsafe equipment;

    e.    He failed to make reasonable and proper use of his brakes and/or braking facilities;

    f.    He failed to steer his vehicle in order to avoid a collision;

    g.    In that he was a distracted driver and violated Connecticut General Statutes Section 14-296aa and under the circumstances where he knew or should have known it was unsafe and unreasonable to do so;

    h.    In that he failed to keep and maintain his vehicle under reasonable and proper control under all of the circumstances then and there prevailing;

    i.    He failed to sound his horn or give any warning of his impending approach;

    j.    In that he failed to act as a reasonable and prudent operator under all of the circumstances then and there prevailing;

    k.    He followed too closely under the circumstances;

    l.    He followed too closely, in violation of Connecticut General Statutes.

    7.    As a direct and proximate result of the negligence of the defendants, by and through the action of the defendant, Gary Alexander, the plaintiff was transported by ambulance to receive medical care and attention having sustained an injury to her cervical

11

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304



WILLIA
WALSI
O'CON

TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

spine, injury to her head, concussion, ringing in her ears, headache, tingling of the fingers on her hand, radiculopathy indicating an injury to her neck radiating into her upper extremity, herniated disc in the cervical spine, strains, sprains, difficulty with concentration and forgetfulness, a posterior disc extrusion at C3-4 with an anterior indentation of the spinal cord as well as a posterior disc protrusion at C5-6 as well as injury, damage and trauma in a cervical spine already having degenerative pain, suffering, limitations, difficulty sleeping, anxiousness, all of which are likely to be permanent in nature.

8.      As a direct and proximate result of the conduct of the defendant, the plaintiff was caused to sustain the need for medical care, treatment, physical therapy, diagnostic studies, imaging studies, tests, medicines, which medical care is likely to continue into the future.

9.      As a direct and proximate result of the conduct of the defendants, the plaintiff sustained suffering from the injuries sustained in the accident and her activities of daily living have been affected as compared to that prior to the accident, which is likely permanent in nature.

10.     As a direct and proximate result of the conduct of the defendant, the plaintiff has sustained permanent injury, loss of certain enjoyments and pursuits, which losses, harm and damage are likely to continue into the future and/or be permanent.

11.     As a direct and proximate result of the conduct of the defendant, the plaintiff has been affected in her capacity to earn.



WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304

WILLIA
WALSH
O'CON

TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

THE PLAINTIFF

KEVIN P. WALSH, ESQ.
Williams Walsh & O'Connor, LLC
37 Broadway
North Haven, CT 06473
Tel: 203-234-6333
Fax: 203-234-6330

13

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304

WILLIA
WALSH
O'CON

TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

WHEREFORE, the Plaintiff claims:

1.    Monetary damages.

2.    Interest and costs as may be provided by the Court.

3.    Such other relief as the Court, inequity, might provide.

THE PLAINTIFF

KEVIN P. WALSH, ESQ.
Williams Walsh & O'Connor, LLC
37 Broadway
North Haven, CT 06473
Tel: 203-234-6333
Fax: 203-234-6330

14

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304

WILLIA
WALSH
O'CON

TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

| | | |
|---|---|---|
| RETURN DATE: 06/18/24 | : | SUPERIOR COURT |
| BAOHONG TAI | : | J.D. OF NEW HAVEN |
| V. | : | AT NEW HAVEN |
| STATE FARM MUTUAL INSURANCE COMPANY, JOHNATAN LONDONO, BRENDA MERCADO, and GARY ALEXANDER | : | MAY 15, 2024 |

## STATEMENT OF AMOUNT IN DEMAND

WHEREFORE, the Plaintiff seeks damages in excess of Fifteen Thousand Dollars

($15,000.00), exclusive of interest and costs.

THE PLAINTIFF

KEVIN P. WALSH, ESQ.
Williams Walsh & O'Connor, LLC
37 Broadway
North Haven, CT 06473
Tel: 203-234-6333
Fax: 203-234-6330
kwalsh@wwolaw.com

15

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304

WW

WILLIA
WALSI-
O'CON

TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

# EXHIBIT B

DOCKET NO.: NNH-CV-24-6144133-S    :        SUPERIOR COURT

BAOHONG TAI                        :        J.D. OF NEW HAVEN

V.                                 :        AT NEW HAVEN

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY ET AL            :        DECEMBER 17, 2025

## MOTION FOR LEAVE TO AMEND COMPLAINT

The plaintiff respectfully seeks permission to amend her complaint. This amendment will not delay the trial nor cause prejudice to the defendant for the reasons discussed herein. The basis for the amendments is as follows:

In the one year since this lawsuit has been initiated, the defendant State Farm Insurance Company has engaged in conduct which breached the implied covenant of good faith and fair dealing, an implicit and actionable term of the contract between the plaintiff and the defendant insurance carrier.

Respectfully, the amendment is permissible, for the following reasons:

1) The claims do not cause a delay of trial or injustice to the defendant.  Defendant has delayed on 4 occasions over the past year in producing its PMK and KOR for depositions, and this deposition discovery, focused on the defendant's Answer to the complaint, discovery responses and nonpayment of policy benefits, has yet to be achieved. Discovery has been delayed due to the intransigence of the defendant, and those depositions are needed prior to trial.

2) The defendant has already requested <u>consent of the plaintiff for postponement of a trial date</u>, which, respectfully, undermines the position of the defendant, should it claim that the current trial date is now vulnerable if the amendment is granted.

1

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304


WILLIAMS,
WALSH &
O'CONNOR, LLC
Connecticut Injury Attorneys

TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

3) The alleged tortfeasor, Alexander, and the actual tortfeasor Londono, and Mercado, have been removed from the action as the action is now solely for UM/UIM benefits from State Farm and the amendment eliminates mooted claims;

4) Claims of bad faith have emerged in the case, and despite the pending litigation, the insurer continues to owe a duty of good faith and fair dealing <u>and</u> to not act in bad faith. The duties under insurance coverages, such as the duty to pay indemnity and provide benefits, is a continuing duty and therefore as continuing duties do not expire; rather the continuing duty serves to extend/toll the insureds time to make such claims. (See; Fichera v Mine Hill Corp, 207 Conn. 204,209, 541 A2d. 472 (1988))

5) While duties owed will toll limitations periods (See, City of West Haven v Commercial Union Insurance. Co., Appellee, 894 F2d 540 (2nd Cir. 1990); Fichera v Mine Hill Corp, 207 Conn. 204,209, 541 A2d. 472 (1988)), Connecticut court have also held that a claim of the breach of the implied covenant duty of good faith and fair dealing itself is a six year statute of limitations. (See, Bellemare v Wachovia Mortgage Co., 94 Conn. App. 593, (2006); affirmed, 284 Conn 193 (2007)).

6) The basis of plaintiff's Amended Complaint arise from pleadings by State Farm for indemnity against the tortfeasor (as a derivative contract claim, the UIM carrier does not possess such rights against the tortfeasor) and a deposition taken of defendant's agent, taken weeks ago on 11/20/25.

2

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304


WILLIAMS, WALSH & O'CONNOR, LLC
Connecticut Injury Attorneys

TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

7)  Plaintiff will be estopped from making a claim of bad faith, which relates to this

instance of insurance breach of contract, unless claims are asserted in the pending case,

pursuant to the theory of res judicata. Therefore, while there is no anticipated delay

required of the trial date, denial of the amendment would serve to preclude plaintiff's

rights permanently.  (See, Powell v Infinity Insurance Co, 282 Con 594 (2007))

> THE PLAINTIFF,
> BAOHONG TAI
>
> BY:_____/s/305499_____
>      KEVIN P. WALSH, ESQ.
>      WILLIAMS, WALSH & O'CONNOR, LLC
>      Juris No. 305499

3

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304

**WILLIAMS, WALSH & O'CONNOR, LLC**
Connecticut Injury Attorneys

TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

## **CERTIFICATION**

I certify that a copy of this document was or will immediately be mailed or delivered electronically or non-electronically today to all attorneys and self-represented parties of record and to all parties who have not appeared in this matter and that written consent for electronic delivery was received from all attorneys and self-represented parties receiving electronic delivery:

Kathleen Alexandria-Zavo Kugler, Esquire
205 Newbury Street, Suite 101
Framingham, MA 01701
kkugler@chartwelllaw.com

THE PLAINTIFF,
BAOHONG TAI

BY:_____/s/305499_____
KEVIN P. WALSH, ESQ.

4

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304


WILLIAMS,
WALSH &
O'CONNOR, LLC
Connecticut Injury Attorneys

TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

DOCKET NO.: NNH-CV-24-6144133-S      :         SUPERIOR COURT

BAOHONG TAI                          :         J.D. OF NEW HAVEN

V.                                   :         AT NEW HAVEN

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY ET AL              :         DECEMBER 17, 2025

**FIRST AMENDED COMPLAINT**

**COUNT ONE:**

1.      On June 4, 2022 the plaintiff, Baohong Tai, was a passenger in a 2012 Ford Escape owned by Ching Lin, which vehicle carried uninsured/uninsured motorist coverage for the benefit of the plaintiff, Baohong Tai.

2.      On said date, at approximately 9:25 p.m., Ching Lin was operating his vehicle such that he was on First Avenue at or near the intersection of Elm Street in the Town of West Haven when, suddenly without warning, when his vehicle was hit forcefully from the rear.

3.      On said date, at or about said time, the defendant, Gary Alexander, was operating a 2014 Dodge Caravan at a place or position to the rear of the vehicle operative by Ching Lin inasmuch as Gary Alexander did allow his car to move forward, impacting the rear of the vehicle in which the plaintiff was a passenger.

4.      On said date, at or about said time, the defendants, Johnatan Londono and Brenda Mercado, were the owners of 2004 blue Toyota Highlander which was being operated by Johnatan Londono in the same direction but behind the vehicle operated by Gary Alexander and Johnatan Londono did operate his vehicle at such a rate of speed and in such a negligent fashion such that he drove his vehicle into the rear of the vehicle operated by Gary Alexander in a violent and forceful manner which operation was caused, in whole or in part, described below, as a direct result of the intoxication of Johnatan Londono.

5

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304


**WILLIAMS, WALSH & O'CONNOR, LLC**
Connecticut Injury Attorneys

TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

~~5.    After the accident the investigating police officer was capable of determining an odor of alcohol coming from the breath of Johnatan Londono and the police officer also observed an empty nip bottle of fireball alcohol on the driver's side floor.~~

~~6.    The damages and losses herein described were caused as the direct result of the conduct of the defendants, Brenda Mercado and Johnatan Londono, the owners of the 2004 Toyota Highlander, by and through the conduct of Johnatan Londono, then also acting as an agent, servant and/or family resident relative of Brenda Mercado and said defendants were negligent in one or more of the following respects:~~

~~a.    He that he failed to keep and maintain his vehicle under reasonable and proper control;~~

~~b.    He that he failed to make reasonable and proper use of his sense and sense faculties;~~

~~c.    He operated his vehicle in an unreasonable rate at his speed having regard to the width, traffic and use of the highway, the intersection of streets and the weather conditions in violation of Connecticut General Statutes Section 14-218a when he knew or should have known it was unsafe and unreasonable;~~

~~d.    He braked his motor vehicle insufficiently and/or operated his car with unsafe equipment;~~

~~e.    He failed to make reasonable and proper use of his brakes and/or braking facilities;~~

~~f.    He failed to steer his vehicle in order to avoid a collision;~~

~~g.    In that he was a distracted driver and violated Connecticut General Statutes Section 14-296aa under the circumstances where he knew or should have known it was unsafe and unreasonable to do so;~~

~~h.    In that he failed to keep and maintain his vehicle under reasonable and proper~~

6

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304

WILLIAMS, WALSH & O'CONNOR, LLC
Connecticut Injury Attorneys

TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

control under all of the circumstances then and there prevailing;

i.      He failed to sound his horn or give any warning of his impending approach;

j.      In that he failed to act as a reasonable and prudent operator under all of the circumstances then and there prevailing;

k.      He followed too closely under the circumstances;

l.      He followed too closely, in violation of Connecticut General Statutes;

m.      The defendant, Johnatan Londono, was at the time of the accident, was intoxicated and/or impaired such that his ability to perceive and react was affected;

n.      The defendant, Johnatan Londono, was at the time of the accident, was intoxicated and/or impaired such that his ability to perceive and react was affected and otherwise constituted a violation of Connecticut General Statutes Section 14-222.

7.      As a direct and proximate result of the negligence of the defendants, by and through the action of the driver, Johnatan Londono, the plaintiff was transported by ambulance to receive medical care and attention having sustained an injury to her cervical spine, injury to her head, concussion, ringing in her ears, headache, tingling of the fingers on her hand, radiculopathy indicating an injury to the discs and anatomy of her neck, radiating into her upper extremity, herniated disc in the cervical spine, strains, sprains, difficulty with concentration and forgetfulness, a posterior disc extrusion at C3-4 with an anterior indentation of the spinal cord as well as a posterior disc protrusion at C5-6 as well as injury, damage and trauma in a cervical spine already having a degenerative condition, suffering, limitations, difficulty sleeping, anxiousness, all of which are likely to be permanent in nature.

8.      As a direct and proximate result of the conduct of the defendants, the plaintiff was caused to sustain the need for medical care, treatment, physical therapy, diagnostic studies,



7

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304

WILLIAMS, WALSH & O'CONNOR, LLC
Connecticut Injury Attorneys

TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

~~imaging studies, tests, medicines, which medical care is likely to continue into the future.~~

~~9.    As a direct and proximate result of the conduct of the defendants, the plaintiff sustained suffering from the injuries sustained in the accident and her activities of daily living have been affected as compared to that prior to the accident, which is likely permanent in nature;~~

~~10.    As a direct and proximate result of the conduct of the defendants, the plaintiff has sustained permanent injury, loss of certain enjoyments and pursuits, which losses, harm and damage are likely to continue into the future and/or be permanent.~~

**COUNT ~~ONE~~ TWO: (AS AGAINST STATE FARM UM/UIM)**

1.    On June 4, 2022 the plaintiff, Baohong Tai, was a passenger in a 2012 Ford Escape owned by Ching Lin, which vehicle carried uninsured/uninsured motorist coverage for the benefit of the plaintiff, Baohong Tai.

2.    On said date, at approximately 9:25 p.m., Ching Lin was operating his vehicle such that he was on First Avenue at or near the intersection of Elm Street in the Town of West Haven when, suddenly without warning, when his vehicle was hit forcefully from the rear.

~~3.    On said date, at or about said time, the defendant, Gary Alexander, was operating a 2014 Dodge Caravan at a place or position to the rear of the vehicle operative by Ching Lin inasmuch as Gary Alexander did allow his car to move forward, impacting the rear of the vehicle in which the plaintiff was a passenger.~~

~~3~~4.    On said date, at or about said time, ~~the defendants,~~ Johnatan Londono ("Londono") and Brenda Mercado, were the owners of 2004 blue Toyota Highlander which was being operated by Johnatan Londono ~~in the same direction but behind the vehicle operated by Gary Alexander and,~~ Johnatan Londono, did operate his vehicle at such a rate of speed and in such a fashion such that he drove his vehicle into the rear of the vehicle operated by Gary Alexander in a violent and

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304


**WILLIAMS, WALSH & O'CONNOR, LLC**
Connecticut Injury Attorneys

TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

forceful manner which operation was caused, in whole or in part, described below, as a direct result of the intoxication of Johnatan Londono.

5.      After the accident the investigating police officer was capable of determining an odor of alcohol coming from the breath of Johnatan Londono and the police officer also observed an empty nip bottle of fireball alcohol on the driver's side floor.

6.      The damages and losses herein described were caused as the direct result of the conduct of ~~the defendants,~~ Brenda Mercado and Johnatan Londono, the owners of the 2004 Toyota Highlander, by and through the conduct of Johnatan Londono, then also acting as an agent, servant and/or family resident relative of Brenda Mercado and said defendants were negligent in one or more of the following respects:

a.      He that he failed to keep and maintain his vehicle under reasonable and proper control;

b.      He that he failed to make reasonable and proper use of his sense and sense faculties;

c.      He operated his vehicle in an unreasonable rate at his speed having regard to the width, traffic and use of the highway, the intersection of streets and the weather conditions in violation of Connecticut General Statutes Section 14-218a when he knew or should have known it was unsafe and unreasonable;

d.      He braked his motor vehicle insufficiently and/or operated his car with unsafe equipment;

e.      He failed to make reasonable and proper use of his brakes and/or braking facilities;

f.      He failed to steer his vehicle in order to avoid a collision;

g.      In that he was a distracted driver and violated Connecticut General Statutes Section 14-296aa and under the circumstances where he knew or should have known it was unsafe and

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304


WILLIAMS, WALSH & O'CONNOR, LLC
Connecticut Injury Attorneys

TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

unreasonable to do so;

  h.  In that he failed to keep and maintain his vehicle under reasonable and proper control under all of the circumstances then and there prevailing;

  i.  He failed to sound his horn or give any warning of his impending approach;

  j.  In that he failed to act as a reasonable and prudent operator under all of the circumstances then and there prevailing;

  k.  He followed too closely under the circumstances;

  l.  He followed too closely, in violation of Connecticut General Statutes.

  7.  As a direct and proximate result of the negligence of the ~~defendants, by and through the action of the~~ driver, Johnatan Londono, the plaintiff was transported by ambulance to receive medical care and attention having sustained an injury to her cervical spine, injury to her head, concussion, ringing in her ears, headache, tingling of the fingers on her hand, radiculopathy indicating an injury to her neck radiating into her upper extremity, herniated disc in the cervical spine, strains, sprains, difficulty with concentration and forgetfulness, a posterior disc extrusion at C3-4 with an anterior indentation of the spinal cord as well as a posterior disc protrusion at C5-6 as well as injury, damage and trauma in a cervical spine already having degenerative pain, suffering, limitations, difficulty sleeping, anxiousness, all of which are likely to be permanent in nature.

  8.  As a direct and proximate result of the conduct of Londono ~~the defendants~~, the plaintiff was caused to sustain the need for medical care, treatment, physical therapy, diagnostic studies, imaging studies, tests, medicines, which medical care is likely to continue into the future.

  9.  As a direct and proximate result of the conduct of Londono ~~the defendant~~, the plaintiff sustained suffering from the injuries sustained in the accident and her activities of daily living have been affected as compared to that prior to the accident, and is likely permanent in

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304


**WILLIAMS, WALSH & O'CONNOR, LLC**
Connecticut Injury Attorneys

TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

nature.

10.     As a direct and proximate result of the conduct of Londono ~~the defendant~~s, the plaintiff has sustained permanent injury, loss of certain enjoyments and pursuits, which losses, harm and damage are likely to continue into the future and/or be permanent.

11.     ~~The defendants,~~ Johnatan Londono ~~and Brenda Mercado, were~~, at the time of the accident ~~was,~~ operating a vehicle that was either uninsured and/or alternatively, underinsured for the injuries or losses that were caused by the actions~~intoxication~~ of the drunk driver to the plaintiff.

12.     As of the date of the accident however the plaintiff was entitled to insurance benefits as a passenger in the vehicle owned by Ching Lin with the State Farm Insurance Company, under policy number 081-5656-C16-07C.

13.     State Farm Insurance Company was paid insurance premiums to provide Ching Lin, and his passenger, Baohong Tai, with benefits of insurance known as "uninsured/underinsured motorist coverage" of $100,000.00.

14.     Having received premiums and payments for these insurance benefits, State Farm Insurance Company is obligated to pay these benefits to the plaintiff,  Baohong Tai, as a consequence of the uninsured/underinsured status of the at fault operator/~~defendants,~~ Johnatan Londono and Brenda Mercado.

~~COUNT THREE: (AS AGAINST GARY ALEXANDER)~~

~~On June 4, 2022 the plaintiff, Baohong Tai, was a passenger in a 2012 Ford Escape owned by Ching Lin, which vehicle carried uninsured/uninsured motorist coverage for the benefit of the plaintiff, Baohong Tai.~~

~~2.     On said date, at approximately 9:25 p.m., Ching Lin was operating his vehicle such that he was on First Avenue at or near the intersection of Elm Street in the Town of West Haven~~

11

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304



TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

when, suddenly without warning, when his vehicle was hit forcefully from the rear.

3. On said date, at or about said time, the defendant, Gary Alexander, was operating a 2014 Dodge Caravan at a place or position to the rear of the vehicle operative by Ching Lin inasmuch as Gary Alexander did allow his car to move forward, impacting the rear of the vehicle in which the plaintiff was a passenger.

4. On said date, at or about said time, the defendants, Johnatan Londono and Brenda Mercado, were the owners of 2004 blue Toyota Highlander which was being operated by Johnatan Londono in the same direction but behind the vehicle operated by Gary Alexander and, Johnatan Londono, did operate his vehicle at such a rate of speed and in such a negligent fashion such that he drove his vehicle into the rear of the vehicle operated by Gary Alexander in a violent and forceful manner which operation was caused, in whole or in part, described below, as a direct result of the intoxication of Johnatan Londono.

5. After the accident the investigating police officer was capable of determining an odor of alcohol coming from the breath of Johnatan Londono and the police officer also observed an empty nip bottle of fireball alcohol on the driver's side floor.

6. The damages and losses herein described were caused as the direct result of the conduct of the defendant Gary Alexander and said defendant was negligent in one or more of the following respects:

a. He that he failed to keep and maintain his vehicle under reasonable and proper control;

b. He that he failed to make reasonable and proper use of his sense and sense faculties;

c. He operated his vehicle in an unreasonable rate at his speed having regard to the width, traffic and use of the highway, the intersection of streets and the weather conditions in

12

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304

WW O
WILLIAMS,
WALSH &
O'CONNOR, LLC
Connecticut Injury Attorneys

TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

violation of Connecticut General Statutes Section 14-218a when he knew or should have known it was unsafe and unreasonable;

d.      He braked his motor vehicle insufficiently and/or operated his car with unsafe equipment;

e.      He failed to make reasonable and proper use of his brakes and/or braking facilities;

f.      He failed to steer his vehicle in order to avoid a collision;

g.      In that he was a distracted driver and violated Connecticut General Statutes Section 14-296aa and under the circumstances where he knew or should have known it was unsafe and unreasonable to do so;

h.      In that he failed to keep and maintain his vehicle under reasonable and proper control under all of the circumstances then and there prevailing;

i.      He failed to sound his horn or give any warning of his impending approach;

j.      In that he failed to act as a reasonable and prudent operator under all of the circumstances then and there prevailing;

k.      He followed too closely under the circumstances;

l.      He followed too closely, in violation of Connecticut General Statutes.

7.      As a direct and proximate result of the negligence of the defendants, by and through the action of the defendant, Gary Alexander, the plaintiff was transported by ambulance to receive medical care and attention having sustained an injury to her cervical spine, injury to her head, concussion, ringing in her ears, headache, tingling of the fingers on her hand, radiculopathy indicating an injury to her neck radiating into her upper extremity, herniated disc in the cervical spine, strains, sprains, difficulty with concentration and forgetfulness, a posterior disc extrusion at C3-4 with an anterior indentation of the spinal cord as well as a posterior disc protrusion at C5-6 as

13

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304

WILLIAMS,
WALSH &
O'CONNOR, LLC
Connecticut Injury Attorneys

TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162



well as injury, damage and trauma in a cervical spine already having degenerative pain, suffering, limitations, difficulty sleeping, anxiousness, all of which are likely to be permanent in nature.

8.      As a direct and proximate result of the conduct of the defendant, the plaintiff was caused to sustain the need for medical care, treatment, physical therapy, diagnostic studies, imaging studies, tests, medicines, which medical care is likely to continue into the future.

9.      As a direct and proximate result of the conduct of the defendants, the plaintiff sustained suffering from the injuries sustained in the accident and her activities of daily living have been affected as compared to that prior to the accident, which is likely permanent in nature.

10.      As a direct and proximate result of the conduct of the defendant, the plaintiff has sustained permanent injury, loss of certain enjoyments and pursuits, which losses, harm and damage are likely to continue into the future and/or be permanent.

11.      As a direct and proximate result of the conduct of the defendant, the plaintiff has been affected in her capacity to earn.

**COUNT TWO: (AS AGAINST STATE FARM, BREACH OF THE IMPLIED COVENENT OF GOOD FAITH AND FAIR DEALING/BAD FAITH)**

1.      Paragraphs 1 through 14 of Count Two are hereby made and incorporated as Paragraphs 1 through 14 of Count Three.

15.      The plaintiff, is a contractual insured of the defendant State Farm, which owes Baohong Tai a duty of good faith and fair dealing.

16.       Under law, and contract, State Farm is obligated to give Baohong Tai's interests equal consideration as State Farm's own interests and, as detailed herein, the conduct of State Farm constitutes bad faith and reckless indifference to the rights of the plaintiff.

14



WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304

**WILLIAMS, WALSH & O'CONNOR, LLC**
Connecticut Injury Attorneys

TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

17.     On May 29, 2024, the plaintiff brought this action which included legal claims to obtain payment of lawfully owed payment arising out of a State Farm Insurance Company policy of insurance benefitting the plaintiff.

18.     State Farm Insurance Company has acted with improper motive and/or dishonest purpose in attempting to avoid its obligation to insurance coverage and having engaged in the following egregious conducts with dishonest purpose, namely:

a.     After suit was brought, by pleading dated June 19, 2024, State Farm Insurance Company denied the allegations of the of the plaintiff's claim "insofar as it pertains to any injuries, losses or damages claimed to be the result of the negligence or conduct of this defendant". This pleading, constituting an admission against State Farm, was repeated in the defendant's Answer at paragraph 7, paragraph 8, paragraph 9, paragraph 10, paragraph 11 and paragraph 12. Such affirmation by State Farm Insurance Company was reckless and/or known to be false because (1) "this defendant" referring to State Farm Insurance Company, was not relevant as State Farm Insurance Company need not be "negligent or culpable" in order for the obligations of State Farm to pay on it under its insurance policy. Further, such allegations constitute a reckless, willful disregard of the facts of the motor vehicle accident, then reasonably known to State Farm Insurance Company as the defendant, Londono, was known to have caused the accident by rear ending vehicles and based upon police investigation that found Londono to have empty alcoholic containers in his car after having rear-ended the vehicles involved in the accident;

b.     The defendant State Farm, by pleading interposed on June 19, 2024, in its First Special Defense stated that if the plaintiff, Baohong Tai, "suffered injuries and losses as alleged, said injuries were proximately or directly caused by the negligence, recklessness or carelessness of person's or entity (ies) **other than this defendant and over whom this defendant exercise or**

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304

**WO** WILLIAMS, WALSH & O'CONNOR, LLC
Connecticut Injury Attorneys

TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

**had no control, nor the duty to control"**. This defense, asserted by State Farm Insurance Company was made with reckless disregard and/or, constituted a false statement as State Farm Insurance Company had an obligation to pay benefits to the plaintiff irrespective of any fault on the part of State Farm Insurance Company. Under the nature of the claim, State Farm Insurance Company is responsible to pay damages to the plaintiff in the event the plaintiff, sustained harm, caused by an at fault, third party i.e., in this case, Mr. Londono who, under any fair understanding of the facts of the matter was at fault for having caused a rear end motor vehicle accident and there being found, and alcoholic containers in his possession or control.

    c.    In the pleading June 19, 2024 State Farm Insurance Company attempted to file a "cross claim complaint" against Jonathan Londano, Brenda Mercado and Gary Alexander. In that cross claim, State Farm Insurance Company specifically acknowledges that "the plaintiff further alleges that the investigating police officer was capable of determining an odor of alcohol coming from the breath of Jonathan Londono and the police officer observed an empty nip bottle of Fireball alcohol on the driver's side" as a pleading adopted, asserted and claimed by State Farm Insurance Company. State Farm Insurance Company then, in that cross claim attempted to assert that the "injuries, damage and losses were directly and proximately caused by the carelessness and negligence of Jonathan Londano, Brenda Mercado and Gary Alexander and it was the "active negligence of Jonathan Londano, Brenda Mercado and Gary Alexander <u>rather than a passive negligence of State Farm</u>, which was the direct and proximate cause of the motor vehicle accident at issue and in resulting injuries, damage and losses to the plaintiff. (Emphasis Added) In this Cross Complaint State Farm Insurance Company did, for a period of approximately 5 months, persist in asserting a cause of action that it had no legal grounds to make as the claims against State Farm are based upon the contractual, underinsured motorists claims of the plaintiff for which, there was not

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304

WILLIAMS, WALSH & O'CONNOR, LLC
Connecticut Injury Attorneys

TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

a legally cognizable right of State Farm Insurance Company to assert a claim of "active passive negligence" on the part of other motor vehicle operators involved in the motor vehicle accident.

d. On November 7, 2024, State Farm formally "Withdrew" its baseless and unlawful crossclaims against other persons whom State Farm alleged owed money/recovery for the plaintiff's injury and losses.

e. Thereafter, as plaintiff was capable of accepting, settling and receiving the insurance limits paid by the insurer for Londono, the plaintiff then Withdrew claims involving any automobile operator, as the liable driver Londono, and his insurance company settled for the full amount of the all insurance coverage they held totaling $25,000.  This payment of the full policy constituted "exhaustion" of Londono's insurance coverage and satisfied an element of plaintiff's terms of insurance with State Farm.

f~e~. On March 14, 2025 plaintiff made a formal written demand for benefits that remained on the State Farm policy by which plaintiff reduced her demand from the full coverage of $100,000 to provide State Farm credit for the $25,000 which plaintiff received from the Londono coverage payment.

g~f~. Plaintiff maintained the offer to settle for 30 days. No response or offer was made by State Farm.

h~g~. In search of a new means of defense from the claims of the plaintiff to her coverage benefits, State Farm, for the first time since the suit was filed in May, 2024, then decided in June, 2025, to hire a medical doctor to assist them in challenging the claims of the plaintiff, However, rather than having equal consideration for the interest of the plaintiff as required by law, State Farm hired a doctor from Rhode Island named Thomas Morgan to review the plaintiff's medical records. Dr. Morgan had not provided actual treatment to any patient in approximately 5 years,

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304



TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

instead working almost exclusively for insurance companies and their attorney, such as State Farm to provide negative opinions of claimants.

~~ih~~. After having been long aware and informed of the claims of the plaintiff by way of production of plaintiffs medical records, medical bills etc., rather than give equal and due consideration to the interests of the plaintiff, Baohong Tai, as it would to itself, State Farm Insurance Company, instead of hiring a local, Connecticut neurologist or orthopedic surgeon to assess the medical status of the plaintiff, hired a neurologist, over the age of 80 years old, residing in Rhode Island who, upon information belief, almost exclusively performs record reviews for insurance companies as virtually his only source of professional income to put forth opinions, after more than a year of denying the plaintiff's claim, and delaying payment of plaintiff's benefits. This physician was selected by State Farm on the basis that State Farm, its agents and representatives understood Dr. Morgan would deliver a negative opinion of the plaintiff and further would do so without making any effort to meet, speak to, and/or examine and personally assess the plaintiff in a medical office setting, all in furtherance of justification for its non-payment of a claim.

20. The conduct of State Farm Insurance Company was done with improper motive and furtive design, in bad faith and otherwise further, a breach of the covenant of good faith and fair dealing, in violation of the contract of insurance owed by State Farm Insurance Company, to the plaintiff.

21. Plaintiff claims extra contractual damages, above the policy limits, fore compensatory damages, punitive damages, attorney's fees and costs.

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304


WILLIAMS, WALSH & O'CONNOR, LLC
Connecticut Injury Attorneys

TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

THE PLAINTIFF


_____/s/350499_____
KEVIN P. WALSH, ESQ.
Williams Walsh & O'Connor, LLC
37 Broadway
North Haven, CT 06473
Tel: 203-234-6333
Fax: 203-234-6330

19

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304

WILLIAMS,
WALSH &
O'CONNOR, LLC
Connecticut Injury Attorneys

TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

WHEREFORE, the Plaintiff claims:

1.    Monetary damages

2.    Interest and costs as may be provided

3.    Attorney's fees and/or punitive damages, and cost of litigation, as may be provided by Count Two.

4.    Such other relief as the court, in equity, might provide.

THE PLAINTIFF

    /s/350499
KEVIN P. WALSH, ESQ.
Williams Walsh & O'Connor, LLC
37 Broadway
North Haven, CT 06473
Tel: 203-234-6333
Fax: 203-234-6330

## CERTIFICATION

I hereby certify that a copy hereof was this date mailed, postage prepaid to the defendant against whom this default is requested as follows:

Kathleen Alexandria-Zavo Kugler, Esquire
205 Newbury Street, Suite 101
Framingham, MA 01701
kkugler@chartwelllaw.com

    /s/305499
KEVIN P. WALSH
COMMISSIONER OF SUPERIOR COURT
kwalsh@wwolaw.com

20

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304

TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

DOCKET NO.: NNH-CV-24-6144133-S : SUPERIOR COURT

BAOHONG TAI : J.D. OF NEW HAVEN

V. : AT NEW HAVEN

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY ET AL : DECEMBER 17, 2025

## STATEMENT OF AMOUNT IN DEMAND

WHEREFORE, the Plaintiff seeks damages in excess of Fifteen Thousand Dollars

($15,000.00), exclusive of interest and costs.

THE PLAINTIFF

___/s/350499_____
KEVIN P. WALSH, ESQ.
Williams Walsh & O'Connor, LLC

## CERTIFICATION

I hereby certify that a copy hereof was this date mailed, postage prepaid to the defendant against whom this default is requested as follows:

Kathleen Alexandria-Zavo Kugler, Esquire
205 Newbury Street, Suite 101
Framingham, MA 01701
kkugler@chartwelllaw.com

_/s/305499_____
KEVIN P. WALSH
COMMISSIONER OF SUPERIOR COURT
kwalsh@wwolaw.com

21



WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY
NORTH HAVEN, CT 06473-2304

WILLIAMS, WALSH & O'CONNOR, LLC
Connecticut Injury Attorneys

TELEPHONE: (203) 234-6333
FACSIMILE: (203) 234-6330
JURIS NO. 421162

# EXHIBIT C

ORDER    442319

DOCKET NO: NNHCV246144133S

SUPERIOR COURT

TAI, BAOHONG
   V.
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY Et Al

JUDICIAL DISTRICT OF NEW HAVEN
  AT NEW HAVEN

1/21/2026

ORDER

ORDER REGARDING:
12/17/2025 136.00 AMENDED COMPLAINT

The foregoing, having been considered by the Court, is hereby:

ORDER: GRANTED

Superior Court Results Automated Mailing (SCRAM) Notice was sent on the underlying motion.

442319

Judge: WILLIAM F CLARK

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.