```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-------------------------------x
BAOHONG TAI,                   :
                               :
          Plaintiff,           :
                               :
                               : Civil No. 3:26-CV-146 (AWT)
v.                             :
                               :
STATE FARM MUTUAL INSURANCE    :
COMPANY,                       :
                               :
          Defendant.           :
-------------------------------x
```

**ORDER REMANDING CASE TO STATE COURT**

For the reasons set forth below, the plaintiff's Motion for Remand and Rule 11 Attorney's Fees (ECF No. 12) is hereby GRANTED.

On or about June 5, 2024, plaintiff Baohong Tai initiated this case in the Connecticut Superior Court, Judicial District of New Haven at New Haven. On January 29, 2026, defendant State Farm Mutual Automobile Insurance Company ("State Farm") filed its Notice of Removal removing this case from Connecticut Superior Court. See ECF No. 1. State Farm stated that the Notice of Removal "is being filed within thirty (30) days after this case became removable, as it became removable at the time of the [Superior Court's January 21, 2026] Order allowing Plaintiff's First Amended Complaint to be docketed, and is therefore timely

-1-

filed pursuant to 28 U.S.C § 1446(b)(3)." Id. at 2. However, "the clock [for a defendant's removal petition that relies on 28 U.S.C. § 1446(b)(3)] begins to run when 'an amended pleading, motion, order or other paper' discloses facts giving rise to removability." Callen v. Callen, 827 F. Supp. 2d 214, 216 (S.D.N.Y. 2011) (emphasis in original) (internal citation omitted). Here, State Farm was served by the plaintiff on January 22, 2025 with a Withdrawal notice that the non-diverse defendants in this case were withdrawn as parties from the action. See ECF No. 12-1 at 45-47 (copy of Withdrawal notice).

"The transformation of a state-court case from non-removable to removable--so as to begin a new 30-day period in which to remove--may occur in a number of ways." Wright & Miller, 14C Fed. Prac. & Proc. Juris. § 3731 (Rev. 4th ed.). For example, "a change in the parties to the state court action such as through the plaintiff's voluntary dismissal of the defendants whose presence destroyed complete diversity of citizenship may make a previously unremovable action removable." Id. "Thus, an amendment of the complaint will not revive the period for removal if the state-court case previously was removable but the defendant failed to exercise the right to remove." Id.

Thus, the Withdrawal notice is an "other paper" within the meaning of 28 U.S.C § 1446(b)(3), and State Farm had notice beginning on January 22, 2025 that this case was eligible for

removal. Because this case was eligible for removal on January 22, 2025 and was not removed until January 29, 2026, it was not timely removed pursuant to 28 U.S.C § 1446(b)(3).

The defendant also contends that removal was not barred by the bad faith requirement in 24 U.S.C. § 1446(c)(1), which states:

> A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

"The plain language of the removal statute [section 1446(c)] makes clear that, for otherwise untimely removal to be allowed, the 'bad faith' invoked must relate to a party's conduct obscuring facts that would otherwise justify removal. Other courts within this Circuit have explained . . . that the phrase 'bad faith' in section 1446 relates to nefarious conduct that aims to defeat an opponent's right to remove." Bank of New York v. Consiglio, 2017 WL 9480197, at *4 (D. Conn. Oct. 2, 2017) (alteration in original) (citation omitted).

Here, State Farm asserts in conclusory fashion that "[i]t is clear that [by] amending her complaint on the eve of trial [the plaintiff] sought to preclude State Farm from defending itself against Plaintiff's bad faith claim in Federal Court." Defendant State Farm Mutual Automobile Insurance Company's Opposition to Plaintiff's Motion to Remand (ECF No. 13) at 4. It

is not apparent from this statement how the plaintiff's amendment of her Complaint relates to an effort to defeat diversity jurisdiction. For example, "[c]ourts in this Circuit have declined to infer strategic conduct and excuse an untimely removal where plaintiffs have failed to answer multiple requests for damages, Martinez v. Yordy, 2016 WL 8711443, at *2-3 (E.D.N.Y. Feb. 19, 2016), fraudulently joined a nondiverse party in the original complaint, Hill v. Delta Int'l Mach. Corp., 386 F. Supp. 2d 427, 431 (S.D.N.Y. 2005), requested three extensions to respond to a motion to dismiss a nondiverse party, Cruz v. Stop & Shop Supermarket Co. LLC, 2020 WL 3430193, at *3-4 (S.D.N.Y. June 23, 2020), and included in the original complaint a non-diverse party whom they 'actively prosecuted the case against,' Ehrenreich v. Black, 994 F. Supp. 2d 284, 288-89 (E.D.N.Y. 2014)." Marin v. Sephora USA, Inc., 2020 WL 3999711, at *6 (S.D.N.Y. July 15, 2020). The plaintiff's conduct here does not even rise to the level of these examples, where it was found that the plaintiff's conduct did not constitute bad faith for purposes of Section 1446(c)(1). Therefore, even if State Farm had been able to establish that it first became aware of facts giving rise to removability on January 22, 2026, State Farm could not show that the requirements of 28 U.S.C. § 1446(c)(1) are satisfied.

It is quite clear that State Farm received notice on

January 22, 2025 that a previously unremovable action had become removable, and it is also quite clear that State Farm was required to show that the plaintiff had acted in bad faith in order to prevent State Farm from removing the action but failed to make any effort to analyze that question. For these reasons, in addition to granting the motion to remand, the court is granting the plaintiff's request for costs and attorney's fees related to the review and analysis of materials submitted by State Farm in support of petition for removal, the research and drafting of the motion to remand, and the review of additional filings by State Farm in this court since removal. This is particularly appropriate in light of the state court orders that were issued just prior to the removal.

This case is hereby REMANDED to Connecticut Superior Court, Judicial District of New Haven at New Haven.

The plaintiff shall file his motion for attorney's fees and costs within 14 days and the defendant shall file any opposition within 14 days after the filing of the plaintiff's motion. This court will retain limited jurisdiction for the purpose of deciding the motion for attorney's fees and costs. See Bryant v. Britt, 420 F.3d 161, 162 (2005) ("[A] district court has jurisdiction to consider a motion for fees and costs under § 1447(c), even after it has remanded a case to state court.")

It is so ordered.

Dated this 13th day of March 2026, at Hartford, Connecticut.

```
                          /s/AWT
                    Alvin W. Thompson
               United States District Judge
```